Z. Kathryn Branson
Nevada Bar Number 11540
Emil S. Kim
Nevada Bar Number 14894
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Telephone:    702.862.8800
Fax No.:       702.862.8811
kbranson@littler.com
ekim@littler.com

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SALEM LEHR,<br><br>Plaintiff,<br>v.<br><br>AMAZON.COM SERVICES LLC a Foreign Limited-Liability Company; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441(a) and (b), and 1446]** |

**TO THE CLERK FOR THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE THAT** Defendant AMAZON.COM SERVICES LLC ("Defendant") hereby removes this action from the Eighth Judicial District Court in and for the County of Clark, State of Nevada, to the United States District Court for the District of Nevada, under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal of Civil Action to Federal Court, Defendant states to the Court as follows:

**I.    BACKGROUND**

1.    On November 2, 2023, Plaintiff SALEM LEHR ("Plaintiff") filed a Complaint

1  ("Complaint" or "Compl.") in the Eighth Judicial District Court in Clark County, Nevada, entitled *Salem Lehr v. Amazon.com Services LLC; Does 1 through 25, inclusive; and Roe Corporations 1 through 25, inclusive*, (Case No. A-23-880838-C). A true and correct copy of the original Complaint is attached hereto as **Exhibit 1**.

2. On November 17, 2023, Defendant's registered agent was served with a copy of Plaintiff's Complaint and Summons issued by the state court. A true and correct copy of the Summons is attached hereto as **Exhibit 2**. A true and correct copy of the Affidavit of Service of reflecting service upon Defendant is attached hereto as **Exhibit 3**. Because Defendant seeks removal within 30 days of November 17, 2023, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

3. Plaintiff's Complaint asserts two causes of action against Defendant Amazon.com Services LLC for: (1) gender discrimination pursuant to NRS 613 and (2) pregnancy discrimination.

## II.  REMOVAL PROCEDURES

4. Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court, in accordance with 28 U.S.C. §§ 108 and 1441(a).

5. All pleadings, process or orders received by or filed by Defendant in this case are attached hereto, as required by 28 U.S.C. § 1446(a). Defendant has received no other process, pleadings, or orders.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide Plaintiff prompt written notice of the removal of this action to this Court. A true and correct copy of the notice to Plaintiff is attached here as **Exhibit 4**. Also pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of the Notice of Removal with the State Court. A true and correct copy of the notice to the State Court is attached here as **Exhibit 5**.

7. Plaintiff's Complaint is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. No other defendant is required to join this Notice of Removal as no other defendants

LITTLER MENDELSON, P.C.
3960 Howard Hughes Pkwy
Suite 300
Las Vegas, NV  89169.5937
702.862.8800

have been served with any summons or Complaint or are identified on the Complaint. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(b); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### III.   DIVERSITY JURISDICTION EXISTS FOR THIS ACTION

9. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a), which encompasses "actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Marroquin v. Wells Fargo, LLC,* 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). According to Plaintiff's own allegations, she was "at all times relevant a resident of Clark County, Nevada" *See* Complaint, ¶ 1. Thus, by Plaintiff's own admission, she is a citizen of Nevada.

11. Defendant Amazon.com Services LLC is a limited liability company. *See* Declaration of Zane Brown ("Brown Decl."), ¶ 2, attached here as **Exhibit 6**. A limited liability corporation, or LLC, is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Amazon.com Services LLC has, as its sole member, Amazon.com Sales, Inc., a corporation. Brown Decl., ¶ 2.

12. For purposes of diversity, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010), "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." This is often referred to as the corporation's "nerve center," which will typically be found at its corporate

1  headquarters. *Id*. at 80-81.

2  13. Amazon.com Sales, Inc., the sole member of Amazon.com Services LLC, is a corporation incorporated in Delaware, with its principal place of business in Washington. Brown Decl., ¶ 2. Its corporate headquarters are located in Seattle, Washington. *Id*. The company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. *Id*. Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

14. Therefore, Defendant Amazon.com Services LLC is, by extension, also a citizen of Delaware and Washington, *not* Nevada. Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states.

15. The amount in controversy in not limited to damages incurred prior to removal, but is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on the complaint if the plaintiff prevails. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). In the Complaint, Plaintiff seeks "actual damages including loss of income, grievous mental and emotional suffering, worry, fear, anguish, shock, nervousness, stress and anxiety in an amount subject to proof at trial," punitive damages, and attorneys' fees. *See* Complaint, ¶¶ 44, 46, 73, and Wherefore clause ¶¶ 1-5.

16. Plaintiff alleges in the Complaint that she was hired on December 17, 2019 and discharged on February 5, 2020. *See* Complaint, at ¶¶ 12, 31. At the time of Plaintiff's termination from employment, she was earning $15.30/hour. *See* Declaration of Gina McPherson ("McPherson Decl."), ¶ 2, attached here as **Exhibit 7**. During her brief employment, Plaintiff worked three full bi-weekly pay periods (*i.e.,* six weeks), during which she earned $4,752.16 in gross pay, equaling an average of approximately $792 per week ($41,184 annualized, $3,432 monthly). *Id*. Assuming a trial date of 36 months after filing of the Complaint,[1] which is approximately 81 months from the date Plaintiff was terminated, Plaintiff's alleged lost wages through trial will total approximately

---

[1] According to Federal Court Management Statistics, the median time from filing to trial for civil cases in the District of Nevada is 51.4 months. Thus, 36 months is a very conservative estimate. *See* https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison0630.2022_0.pdf

1  **$277,992** ($3,432/week x 81 weeks). Thus, Plaintiff's alleged lost wages total over $75,000 and
2  satisfy the amount in controversy requirement standing alone.

3  17.  Further, it is well-established that attorneys' fees authorized by statute are also
4  included in the amount in controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155 (9th
5  Cir. 1998); *Pereza v. Progressive Direct Ins. Co.*, No. 2:15-CV-77 JCM (VCF), at *3 (D. Nev. Apr.
6  8, 2015) (explaining that "attorneys' fees may be included in the determination of the amount in
7  controversy if a statute authorizes fees to a successful litigant"); *see also* NRS 613.342 (providing
8  for the same legal or equitable relief that may be awarded to a person pursuant to Title VII of the
9  Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.).

10  18.  Employment discrimination claims require a great deal of preparation and effort to
11  maintain." *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, *5 (N.D.
12  Cal. July 11, 2008) (in case where plaintiff had $52,000 in lost wages, and "at Plaintiff's attorneys'
13  claimed rate of $400 an hour, fees will likely become substantial.") Indeed, "attorneys' fees in
14  individual discrimination cases often exceed the damages" *Simmons v. PCR Technology*, 209 F.
15  Supp. 2d 1029, 1035 (N.D. Cal. 2002). In this jurisdiction, $250/300 per hour is a reasonable hourly
16  rate for employment counsel. *See Banks v. Robinson*, Case No. 2:11-CV-00441-RLH, 2012 WL
17  993303 (D. Nev. Mar. 23, 2012) (awarding senior counsel attorneys' fees at rate of $300/hour
18  reduced from requested $450/hour in wage and hour case). Assuming Plaintiff's counsel spent a
19  minimum of 150 hours litigating this matter through trial at a conservative $250 hourly rate,
20  Plaintiff's attorneys' fee award would be **$37,500**.

21  19.  Considering Plaintiff's claims for lost wages and attorneys' fees, the total amount
22  in controversy in this matter is at least **_$315,492_** ($277,992 + $37,500). Plaintiff's claims for
23  emotional distress and punitive damages further increases the amount in controversy.

24  20.  In sum, this Court has subject matter jurisdiction over Plaintiff's claims under 28
25  U.S.C. § 1332, 1441, and 1446 because (1) there is complete diversity between the parties and
26  (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest
27  and costs.

28  WHEREFORE, Defendant prays that the above-referenced action now pending against it in

the Eighth Judicial District Court in and for Clark County, Nevada, be removed therefrom to this Court.

Dated: December 8, 2023

LITTLER MENDELSON, P.C.

*/s/ Emil S. Kim*
Z. Kathryn Branson
Emil S. Kim

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On December 8, 2023, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☒   By **Electronic Service** - pursuant to N.E.F.C.R Administrative Order: 14-2.

Patrick W. Kang, Esq.
Kyle R. Tatum, Esq.
Christian Z. Smith, Esq.
Paul H. Wolfram, Esq.
Kang & Associates, PLLC
6480 West Spring Mountain Road
Suite 1
Las Vegas, NV 89146
filing@acelawgroup.com
pkang@acelawgroup.com

Attorneys for Plaintiff
SALEM LEHR

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 8, 2023, at Las Vegas, Nevada.

/s/ Joanne Conti
Joanne Conti